## DAVID M. PARKS vs. OREN E. LIBBY.

Somerset.    Opinion March 1, 1897.

*Judgment.    Estoppel.    Different Issues.*

Whenever an issue of fact is once judicially settled between parties, it is forever settled between such parties and their privies, and the result inures in favor of the winning party in any other litigation between such parties where the same issue is involved.

In order, however, that a judgment shall have such potential effect, it must appear that the facts in question are the same in each case; the issues must be identical.

The defendant contracted to drive certain logs on Sebasticook river to Clinton for the plaintiff, who sold the same logs to McNally to be delivered at Clinton.   McNally sued the plaintiff for a shortage in the logs delivered, and recovered against him, of which suit this defendant was notified and requested to defend, and he did assist in defending it.   The plaintiff sues the defendant for negligence in driving the logs, claiming that the defendant is bound by the judgment, which McNally recovered against him.   It is *held* by the court that the issues do not appear to be exactly the same for the following reasons :—

First—Because the case finds that the "main" question in the prior suit was whether the logs were all driven down and delivered according to plaintiff's contract with McNally.

Secondly—Because by plaintiff's contract of sale the logs were to be driven to McNally's boom, while by the defendant's contract for driving they were to be driven to boom or booms in Clinton.   Non constat, that the places for delivery were the same.

Thirdly—Because the plaintiff was to deliver the logs "before summer," while no time was specified within which the defendant should drive the logs.

Fourthly—Because the rule for recovery of damages would not be the same. In one case the amount recoverable being damages, if any, for waste by negligent driving, and in the other damages for logs bargained and sold, but not delivered.

ON REPORT.

This was an action of assumpsit on account annexed, with also a special count.

The facts are stated in the opinion.

*S. S. Brown*, for plaintiff.

Prior judgment is binding on this defendant, although he was not a party of record to the McNally action. The doctrine of the courts seems to be that where the question in issue has been once fairly investigated in court with the knowledge of all the parties, in any way involved or responsible over to the defendant in the case, and a judgment has been obtained in the matter, that judgment is binding on all such persons, although they did not appear as parties of record in the case. *Thurston* v. *Spratt*, 52 Maine, 202; *Veazie* v. *Railroad*, 49 Maine, 119; *Portland* v. *Richardson*, 54 Maine, 46; *Grand Trunk Railway* v. *Latham*, 63 Maine, 177; *Boston* v. *Worthington*, 10 Gray, 496.

*F. W. Hovey and F. J. Martin*, for defendant.

Counsel cited:—*Sawyer* v. *Woodbury*, 7 Gray, 499; *Morgan* v. *Burr*, 58 N. H. 470; *Burlen* v. *Shannon*, 99 Mass. 202; *Foster* v. *Busteed*, 100 Mass. 409; *Burlen* v. *Shannon*, 3 Gray, 387; *Watts* v. *Watts*, 160 Mass. 164; *Seddon* v. *Tutop*, 6 T. R. 607; *Nashua, etc., R. R.* v. *Boston, etc., R. R.* 164 Mass. 225; *Russell* v. *Place*, 94 U. S. 606; *Foye* v. *Patch*, 132 Mass. 102; *Hooker* v. *Hubbard*, 102 Mass. 239; *Dunlap* v. *Glidden*, 34 Maine, 517; *Sturtevant* v. *Randall*, 53 Maine, 149; *Young* v. *Pritchard*, 75 Maine, 513; *Hill* v. *Morse*, 61 Maine, 541; *Smith* v. *Brunswick*, 80 Maine, 189; *Chicago, etc., R. R. Co.* v. *Northern Line Packet Co.*, 70 Ill. 217.

SITTING: PETERS, C. J., FOSTER, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

PETERS, C. J. It is a well-settled doctrine in this state that if any issue be judicially established between parties to a litigation, the benefit of the finding will inure in favor of the winning party whenever such issue again arises between the same persons or their privies in any other suit. This is upon the principle of estoppel which declares that an issue or fact once judicially proved is forever proved. But it must clearly appear, in order that a judgment shall have such a potential effect, that the facts in question are the same in each case. The issues must be identical.

The plaintiff here invokes this principle of estoppel, and claims that its application is complete.

The facts bearing on the question presented in the present suit are reported to us as follows :—" February 1st, 1893, the defendant made a written contract with the plaintiff to drive the plaintiff's logs and cedar to the booms in Clinton. Afterward, the same winter or spring, the plaintiff sold the logs and cedar named in the contract to one McNally, to be delivered before the next summer of 1893 at the booms in Clinton. In the early part of the summer McNally complained to the plaintiff, Parks, of shortage, and, on October 6, 1894, McNally began an action against the plaintiff, Parks, returnable to the Superior Court for Kennebec county at the November term, 1894, to recover damages for breach of the said contract between McNally and Parks in not delivering the logs and cedar as agreed. The plaintiff, Parks, thereupon notified the defendant Libby, of the beginning and pendency of the said action, and requested him to assume and provide for the defense thereof, informing him that he should hold him responsible for all costs, expenses and damage. The action, McNally and Parks, was tried in the Superior Court for Kennebec county at the April term, 1895. In the preparation of the case for trial, and at the trial, Mr. Libby, the defendant was consulted and advised to some extent, and was present and testified at the trial. In that trial the main question at issue was, whether the logs and cedar had been driven down and delivered at the booms in Clinton, and the said logs and cedar were the same referred to in the written contract between the plaintiff and defendant. The verdict was for McNally in said action, and judgment was rendered for McNally against Parks, the plaintiff, for the sum of four hundred and two dollars and sixty-seven cents ($402.67) damages and costs of suit taxed at ninety-one dollars and sixty-seven cents ($91.67). The date of the judgment was the twenty-eighth day of May, eighteen hundred and ninety-five. This judgment the plaintiff, Parks, paid. The plaintiff, Parks, in the preparation and defense of said action of McNally, disbursed in counsel fees, witness fees and incidental expenses, the sum of one hundred and fifteen dollars and eighty-

one cents ($115.81). The plaintiff, Parks, also spent some time
in preparing the case for trial and in attendance upon the trial, for
which he makes a charge of one hundred (100) dollars, he testify-
ing that he spent twenty-five (25) days, himself and teams, and
calling four (4) dollars per day a reasonable compensation.

" The defendant, not contesting any of the foregoing propositions
except the charge for personal services in preparing and trying
said case, offers in defense of this action evidence tending to show
that he did in fact drive the logs and lumber named in his written
contract to the booms in Clinton within the time specified.

" To this evidence the plaintiff objects, on the ground that the
defendant, Libby, having been notified to defend the former action,
had had his day in court upon that question and it is not now
open to him."

We think the facts disclosed by the report do not clearly show
of themselves, without the aid of any other evidence, that the
issues in both cases were alike. A want of complete identity is
easily discoverable upon close examination.

In the first place it is stated that the "main" question at the
first trial was whether the logs had been driven down and delivered
as the defendant in that suit had agreed to do. That is not exact
enough for such certainty as is required to allow the doctrine of
strict estoppel to defeat a claim.

And this criticism is the more apropos when we notice from a
recital of the two contracts in the writ, and the contracts are not
otherwise copied, that the defendant in the former suit was
required to deliver the logs to the purchaser "before summer,"
while the time within which this defendant was bound to drive the
logs to some boom is not specified in his contract. Non constat
that the defendant in this suit was compelled by his contract to
drive the logs within the same period of time, or that he could do
so. Sometimes the early freshets do not furnish sufficient water
for successful log-driving.

Another discrepancy between the two contracts appears to be
that the driving contract of the defendant was to deliver the logs
in boom at Clinton, but the contract of sale by the plaintiff was to

deliver the logs into McNally's boom; and it no where appears that the two destinations or places of delivery are the same.

McNally's boom may not be the same as Clinton boom or booms.

Finally, another objection to subjecting the defendant to the judgment against the plaintiff with the same effect as if found against himself is, that the rule of damages in the two actions are not the same. This defendant may be liable for such damages as might arise from his negligence, while the plaintiff in the other action against him was liable for damages arising for not delivering a certain quantity of logs according to an agreement of sale. One stands in the position of a bailee and the other in that of seller of the logs. The damages for negligent driving might be, and ordinarily would be, widely different from damages for not delivering logs bargained and sold. The one might be no more than amounting to a part of the value of the missing logs. The other might be the total value of the missing logs themselves.

The evidence offered by the plaintiff should be excluded, and according to the terms of the report the action is to stand for trial.

*Action to stand for trial.*